**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:26-CV-06563 |
| | ) | |
| STRIKER PHARMACY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REVISED JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Plaintiff Eli Lilly and Company ("Plaintiff" or "Lilly") states that Defendant Striker Pharmacy, LLC ("Defendant" or "Striker") has been duly served with the Summons and Complaint in this action. Striker's original counsel notified Lilly's counsel on August 17, 2026 that Striker intended to waive service, and Striker executed a service waiver on August 24, 2026. Its responsive pleading is due October 20, 2026. The parties are currently in settlement discussions.

The parties participated in a Rule 26(f) videoconference on Friday, September 25, 2026. James R.P. Hileman and Hannah Mumme attended on behalf of Lilly, and John F. Carroll attended on behalf of Striker. On Thursday, October 1, 2026, Striker's new lead counsel, Aaron Wagner of Wagner, Ludowig & Wright, LLP, filed a notice of appearance. Striker's new counsel subsequently notified Lilly's counsel that it would be representing Striker alongside Striker's original counsel and that an amended Joint Discovery / Case Management Plan would be needed. Counsel for Striker presented that Revised Plan to

counsel for Plaintiff on October 2, 2026. Striker's new counsel also proposed a conferral in advance of the October 5, 2026 conference. The parties subsequently conferred on Friday, October 2, 2026 via videoconference. At that meeting, Chase Chesser and Patrick Weeks attended on behalf of Lilly, and Aaron Wagner, Robbie Wright, and Josh Keefe attended on behalf of Striker. The parties conferred again via email on Saturday October 3, 2026 in an attempt to narrow the issues and formulate this revised Plan.

This revised report clarifies and supplements Striker's positions and incorporates Plaintiff's comments.

The Parties have narrowed their disputes to a few issues, but otherwise generally agree on the substance of this Plan subject to those issues and subsequent guidance from the Court.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

Plaintiff believes that the following cases may involve certain overlapping legal and/or factual issues with the above-captioned case and thus may be deemed to "relate" to this case:

- *Eli Lilly and Company v. Lone Star Peptide Co. LLC*, Case No. 4:26-cv-06562, U.S. District Court for the Southern District of Texas, Houston Division
- *Eli Lilly and Company v. Astra LLC d/b/a Astra Peptides*, Case No. 5:26-cv-05147-FB, U.S. District Court for the Western District of Texas, San Antonio Division
- *Eli Lilly and Company v. Texas Peptides Inc.*, Case No. *5:26-cv-05146-MA,* U.S. District Court for the Western District of Texas, San Antonio Division
- *Eli Lilly and Company v. Legendary Peptides*, LLC, Case No. *1:26-cv-00347-MJT,* U.S. District Court for the Eastern District of Texas, Beaumont Division

**3. Briefly describe what this case is about.**

**<u>Lilly's Position</u>.** This case involves claims by Eli Lilly and Company against Striker Pharmacy, LLC, a compounding pharmacy in Katy, Texas, based on allegations of illegally compounding, marketing, and selling products purporting to contain retatrutide—an investigational molecule developed by Lilly that has not been approved by FDA for any use. Lilly alleges that Striker's conduct violates consumer protection and unfair competition laws of Alaska, Colorado, Connecticut, North Carolina, South Carolina, Tennessee, Texas, and Washington. Lilly seeks a permanent injunction, damages, disgorgement of profits, and attorneys' fees.

**<u>Striker's Position</u>.** This dispute is nothing more than a commercial dispute between competitors in which Plaintiff seeks to improperly act in a quasi-governmental capacity to limit or eliminate competition. Eli has no actual right to do what it accuses Striker of—distribute a compounded version of a non-approved drug—but simultaneously seeks disgorgement of profits to Plaintiff based upon conduct which it claims is illegal. Meanwhile, Plaintiff is actively doing the same thing it accuses Striker of—distributing retitrutide—a drug which Plaintiff claims is dangerous. This irony underscores the impropriety of the claims in this suit.

At bottom, Striker disputes Lilly's allegations of unlawful conduct and contends that this action seeks relief that Lilly cannot obtain on the claims pleaded. Striker intends to move for dismissal, in whole or in part, based upon dispositive legal authority including the absence of a private Texas common law cause of action to enforce the Texas Food, Drug, and Cosmetic Act; deficiencies in the applicable state law private enforcement and injury requirements; and, to the extent a claim rests solely on enforcing federal regulatory

duties rather than an independent state law duty, the FDCA's exclusive-enforcement provision, 21 U.S.C. § 337(a). Striker also intends to raise FDA primary jurisdiction issues to the extent resolution of a claim requires technical regulatory determinations committed to the agency.

Striker further intends to file a motion to strike inappropriate portions of the Complaint, particularly the request for disgorgement of Striker's profits, or alternatively to dismiss or limit those requests under Rule 12(b)(6). Striker contends that Lilly has not pleaded a claim-specific legal and factual basis for disgorgement and that recovery untethered to a cognizable injury or authorized remedy would confer an improper windfall. The anticipated motions will also address other legally unavailable or insufficiently pleaded relief, as appropriate. In conjunction with these well-founded arguments, as noted in Paragraph 9 below, Striker will seek a protective order to stay and sequence discovery.

4. **Specify the allegation of federal jurisdiction.**

Plaintiff alleges subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). Lilly is an Indiana corporation with its principal place of business in Indiana. Striker is a Texas limited liability company whose sole member, Phillip Brown, is a citizen of Texas for diversity purposes; Striker therefore is a citizen of Texas. Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not made initial disclosures. Lilly anticipates making its Rule 26(a) initial disclosures within 30 days of the parties' Rule 26(f) conference.

Instead, Striker will seek to have all discovery stayed pending this Court's resolution of its Motion to Dismiss and Motion to Strike certain allegations, claims, and theories of recovery. The appropriate scope of discovery will be directly impacted by this Court's ruling on those Motions.

Striker renews the objection to initial disclosures stated in ECF No. 12, paragraph 9, and requests a ruling under Rule 26(a)(1)(C) on whether disclosures should be required before the threshold legal challenges described in paragraph 3 are resolved. Those challenges can be addressed on the pleadings and may eliminate claims or materially narrow the scope of discovery. Striker objects to incurring the burden of merits discovery before the Court determines the legally viable claims and remedies.

Striker intends to file a motion for a protective order under Rule 26(c) to stay initial disclosures and discovery pending resolution of its anticipated dismissal and remedies motions (the "Motion to Stay"). Striker requests interim protection while the Motion to Stay is considered, as well as a stay of discovery pending resolution of the threshold motions.

If the Court denies the Motion to Stay, Striker will be prepared to serve its initial disclosures and written responses and responsive documents to then-pending discovery requests within 30 days after entry of the order denying that motion, subject to the Court's directions, applicable privileges, and specific objections. Striker requests that the Court adopt that contingent deadline.

Striker will comply with governing deadlines unless modified by stipulation or Court order, subject to the Court's determination of its initial disclosure objection under Rule 26(a)(1)(C). The proposed 30-day response period applies to initial disclosures and responses to then-pending written discovery requests. Deposition dates, expert report deadlines, and the discovery completion date should be fixed in the Court's scheduling order but should account for briefing and ruling on Striker's forthcoming motion to dismiss and strike.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

- Plaintiff proposes that initial disclosures be made on November 4, 2026.
- Plaintiff anticipates needing discovery on liability, defenses, Defendant's compliance with various statutes under both federal and state law, causation, and remedies. Plaintiff anticipates discovery will include Defendant's sales of compounded drugs and profits; Defendant's order and prescription handling process; communications to and from prescribers and customers; communications with FDA; versions of Defendant's website (and changes); marketing materials; media statements of Defendant; and Defendant's labeling practices. In addition to discovery from Defendant, Plaintiff anticipates it may

need fact discovery from third parties, including any commercial customers of Defendant to whom Defendant sold the unapproved compounded drugs.

- Plaintiff intends to proceed with fact discovery first, followed by expert discovery.
- Plaintiff is not aware of any current issues relating to the disclosure, discovery, or preservation of electronically stored information and agree to discuss in good faith should any issues arise.
- Plaintiff will address privilege issues if they arise. Plaintiff agrees that a protective order is appropriate to protect the confidentiality of trade secret information should it arise and anticipate submitting a proposed protective order to govern the production and dissemination of such information to the Court pursuant to Fed. R. Civ. P. 26(c) at such time.
- Plaintiff does not propose any changes be made in the limitations on discovery imposed under the federal or local rules.
- Plaintiff does not presently propose any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

As noted above, Striker does not agree to Plaintiff's proposed discovery plan. Striker instead requests that disclosures and merits discovery be stayed as described in paragraph 9 and intends to file the Motion to Stay. If that motion is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of the denial order, on the terms stated in paragraph 9. Discovery served later should be governed by the applicable rules or Court order. Any discovery that proceeds should be limited to surviving claims and proportional to the needs of the case. Striker will

preserve potentially relevant documents and electronically stored information while the requested relief is considered. It proposes an appropriate confidentiality and protective order for sensitive pharmacy, patient, and commercial information, a procedure for privilege assertions, and a Federal Rule of Evidence 502(d) order.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Lilly anticipates sending interrogatories within the discovery period to Striker, within several weeks of the parties' Rule 26(f) conference.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Striker proposes deferring interrogatories pending the Court's determination of its Motion to Dismiss and Strike. This request will be made in Striker's forthcoming Motion to Stay Discovery. If the Motion to Stay is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of any denial order, on the terms stated in paragraph 9. Alternatively, if the Motion to Stay is granted, Striker proposes the contingent deadlines stated in paragraph 9.

If discovery proceeds, Striker anticipates serving interrogatories on Lilly concerning the factual bases for its claims, alleged injury, causation, and requested remedies, subject to the Court's scheduling order.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Lilly presently anticipates deposing Striker's employees responsible for Striker's advertising, marketing, and sales of retatrutide, as well as a corporate representative of Striker, within the discovery period and after sufficient exchanges of written discovery and document production

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Striker requests postponement of depositions through its Motion to Stay Discovery. If the Motion to Stay is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of the denial order, on the terms stated in paragraph 9. If discovery proceeds, Striker anticipates deposing Lilly's corporate representative(s) and witnesses with knowledge of the alleged injury, competitive effects, and requested remedies, after appropriate written discovery and document production. Striker also anticipates seeking deposition testimony from FDA officials with relevant enforcement or oversight responsibilities concerning Plaintiff's provision of retatrutide through clinical trials or expanded access ("compassionate use") programs, including the regulatory basis for and scope of any applicable authorization to provide the drug before FDA marketing approval.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Lilly intends to designate experts and provide the reports required by Rule 26(a)(2)(B) by the time periods contemplated by the Federal Rules of Civil Procedure and any applicable Order by this Court.

Striker objects to fixing expert designation deadlines before the threshold issues are addressed and intends to seek postponement through the Motion to Stay Discovery. Striker intends to designate experts and provide the reports required by Rule 26(a)(2) by the time periods contemplated by the Federal Rules of Civil Procedure and any applicable Order by this Court.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Lilly expects to take the depositions of any experts by or before September 25, 2027.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Striker requests that expert depositions be deferred through its Motion to Stay and scheduled after the appropriate expert disclosures and reports. If expert discovery is necessary on surviving claims, Striker anticipates deposing any expert Lilly designates within sixty (60) days of Lilly's identification of the expert and production of the required report(s).

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties do not agree on the timing and sequencing of disclosures and discovery. Specifically, Plaintiff objects to Striker's anticipated motion for protective order to stay discovery.

**Lilly's Position.** Lilly proposes that discovery proceed consistent with the plan and deadlines it proposes in this Revised Joint Discovery / Case Management Plan, irrespective of any motions Striker may file seeking to halt discovery into Striker's unlawful conduct. "It is not the general practice in this court to stay discovery during the pendency of dispositive motions." *Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC*, No. H-12-CV-1777, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012); *see also Lee v. U.S. Bank N.A.*, No. 6:20-CV-00074, 2022 WL 20508526, at *2 (S.D. Tex. Jan. 13, 2022). Courts in this Circuit do not stay discovery "merely because [a] defendant believes it will prevail on its motion to dismiss." *Ford Motor Co. v. U.S. Auto*

*Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). Instead, courts conduct a "'cursory review' of the dispositive motion to assess whether the arguments are so 'substantial' to justify a stay." *X Corp. v. Media Matters for Am., No.* 4:23-CV-01175-O, 2024 WL 1895255, at *2 (N.D. Tex. Apr. 26, 2024). The standard required to grant a stay on this review "is a demanding one because a stay is an intrusion into the ordinary processes of administration and judicial review." *Id.* (citations omitted); *see also YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) (noting that a stay of discovery pending a motion to dismiss is "very rare, and almost never wise").

Any motion to stay filed by Striker "does not operate to stay discovery" either. *MCR Oil Tools, LLC v. Wireline Well Servs. Tunisia*, No. 3:19-CV-2536-E, 2021 WL 7906873, at *3 (N.D. Tex. Sept. 27, 2021). Indeed, "[a] stay of discovery to allow the Court to resolve purely legal issues" is considered "the exception, not the rule." *Array Holdings, Inc. v. Safoco, Inc.*, No. CV H-12-0366, 2012 WL 12896361, at *1 (S.D. Tex. Oct. 12, 2012). Here, a stay would be particularly inappropriate since other courts in this Circuit have denied similar motions to the one planned by Striker. And, postponing discovery creates further risk of harms to consumers and Lilly from Striker's unlawful conduct.

**Striker's Position.** Striker believes that this case justifies a stay of discovery pending resolution of Striker's forthcoming motion to dismiss and strike certain portions of the complaint because the resolutions of those motions will significantly impact the need and/or scope of any discovery. Moreover, Plaintiff's lawsuit is falsely labeled as one aimed at "safety" but the reality is that it is a commercial dispute through which Plaintiff seeks to exploit, learn of, and Striker's confidential and proprietary information which it uses to

obtain a competitive advantage in the marketplace. There is no valid basis for this lawsuit, its' claims, or the relief sought, accordingly no discovery should be permitted.

At bottom, Striker does not agree to Lilly's proposed disclosure dates or discovery schedule. Striker respectfully requests that the Court first resolve Striker's objection concerning initial disclosures and its forthcoming Motion for Protective Order to Stay Discovery, described in paragraph 9, with interim deferral of merits discovery while that request is briefed and decided. Striker's Motion for Protective Order will request that discovery be postponed until the Court rules on Striker's Motion to Dismiss and Strike because that ruling will necessarily affect the appropriate scope of discovery.

Striker recognizes that filing a motion does not automatically stay discovery, but the Fifth Circuit recognizes that district courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l, AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990). A stay may be appropriate where continued discovery would impose burden and expense without materially aiding resolution of the dispositive motion. *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). This is that case—Plaintiff's claims are barred as a matter of law on many fronts, including pre-emption, which do not require discovery for resolution. Instead, discovery will impose an undue burden.

Striker's forthcoming motion raises substantial legal issues that may eliminate or materially narrow Lilly's claims—and, correspondingly, the permissible scope of discovery**.** For example, Judge Rosenthal recently dismissed with prejudice Lilly's Texas common-law unfair-competition claim against a separate compounding pharmacy,

concluding that Lilly's theory was "not legally cognizable." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723–29 (S.D. Tex. 2025); *see also Eli Lilly & Co. v. Empower Clinic Servs., LLC*, 2026 WL 1162765 (S.D. Tex. Apr. 29, 2026). Those rulings addressed particular claims; Striker's separate motion will address the claims and remedies pleaded here.

Here, requiring broad discovery before determining whether Lilly's claims survive will impose avoidable burden and expense. It will also require disclosure of confidential and proprietary information which cannot be proverbially "put back in the bottle" once it is revealed. Accordingly, discovery should not proceed. Striker will address the specific grounds for protection under Rule 26(c) in its separate motion. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Striker disputes Lilly's allegations of unlawful conduct and, nonetheless, will continue to preserve potentially relevant evidence.

As noted, Striker's motion is necessary to provide protections for confidential patient and commercial information. Discovery exists to assist "the preparation and trial, or the settlement, of litigated disputes," and courts may restrict the use and dissemination of protected discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984).

Striker therefore respectfully requests that the Court permit full briefing before ruling on Striker's forthcoming Motion Protective Order. If the Motion is denied, Striker proposes the contingent deadlines stated in paragraph 9. If Motion is granted and a stay imposed, Striker proposes that disclosures and written responses be served within 30 days after the Court rules on the Motion to Dismiss and Strike, at which point the parties can

confer regarding a proportionate schedule tailored to any surviving claims and remedies. Alternatively, Striker requests phased discovery if the Court declines a complete stay.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Lilly believes the parties can reasonably complete discovery by September 25, 2027. Striker does not agree to that proposed date and requests that completion dates account for resolution of the threshold motions and the claims and remedies that remain.

As noted, Striker intends to seek that sequencing through the Motion to Stay Discovery. If the Motion to Stay is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of the denial order, on the terms stated in paragraph 9. A completion date for remaining discovery should be set by Court order after considering the scope of the case.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed a potential resolution of the case and continue to engage in settlement discussions.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Counsel for both parties have discussed the prompt resolution of this case and have actively worked towards a potential settlement.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff believes private mediation could be considered at an early stage after some discovery has taken place. Striker believes the parties settlement discussions should continue and if they do not result in settlement, Striker is willing to participate in mediation.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Yes. Plaintiff Eli Lilly and Company demanded a trial by jury on all issues so triable in its Complaint.

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff currently anticipates that it will take approximately 30 hours to present evidence in this case. Striker cannot meaningfully estimate trial time until the Court clarifies the claims and remedies that survive the anticipated threshold motions.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at present. Striker intends to file the Motion to Stay Discovery described in paragraph 9 and requests that the Court address the initial disclosure objection and interim discovery protection at the October 5, 2026 conference. If the Motion to Stay is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of the denial order, on the terms stated in paragraph 9.

**21. List other motions pending.**

None at present. Striker anticipates filing a motion to dismiss, in whole or in part, and a motion to strike portions of the Complaint, particularly the request for disgorgement, or alternatively to dismiss or limit those requests, as described in paragraph 3. These motions are anticipated and are not represented as already filed.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Lilly requests that the Court confirm at the conference that discovery in the case may commence, consistent with timing contemplated by the Federal Rules of Civil Procedure.

Striker requests that the Court permit full briefing on Striker's forthcoming Motion to Stay Discovery and for Protective Order before the Court decides whether immediate discovery is appropriate. If the Motion to Stay is denied, Striker proposes serving initial disclosures and written responses to then-pending requests within 30 days after entry of the denial order, on the terms stated in paragraph 9. Striker asks that merits discovery be sequenced to avoid burden and expense on claims or remedies that may be dismissed and that any discovery allowed be proportional and subject to appropriate protection for confidential information.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Lilly filed its Corporate Disclosure Statement on August 12, 2026 (Doc. #3), and its Disclosure of Interested Parties as directed in the Order for Conference on August 28, 2026. (Doc. #11.) Striker filed its Rule 7.1 disclosure statement and Disclosure of Interested Parties on October 1, 2026.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff Eli Lilly and Company:

James John Lomeo
*Attorney-in-charge*
TX Bar No. 24118993
Southern District No. 3511238
Kirkland & Ellis LLP
401 West 4th Street
Austin, TX 78701
Telephone: (512) 355-4316
Email: james.lomeo@kirkland.com

Diana M. Watral *(pro hac vice forthcoming)*
IL Bar No. 6304247
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Email: diana.watral@kirkland.com

James R.P. Hileman *(pro hac vice forthcoming)*
IL Bar No. 6289737
Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Email: jhileman@kirkland.com

David I. Horowitz *(pro hac vice forthcoming)*
CA Bar No. 248414
Kirkland & Ellis LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: 310-552-4200
Email: dhorowitz@kirkland.com

Chase Chesser *(pro hac vice forthcoming)*
AL Bar No. 5744T69A
Kirkland & Ellis LLP
150 3rd Avenue South, Suite 1220
Nashville, TN 37201
Telephone: (629) 222-0131
Email: chase.chesser@kirkland.com

Counsel for Defendant Striker Pharmacy, LLC:

Aaron Wagner
Attorney-in-Charge
Texas Bar No. 24037655
Southern District of Texas Bar No. 3813191
WAGNER, LUDOWIG & WRIGHT LLP
2100 West Loop South, Suite 700
Houston, Texas 77027
Office: (503) 206-3870
Cell: (360) 481-5107
Email: awagner@wlwlaw.com

Robert Wright (*pro hac vice forthcoming*)
WAGNER, LUDOWIG & WRIGHT LLP
2100 West Loop South, Suite 700
Houston, Texas 77027
Telephone: (470) 518-9702
Email: rwright@wlwlaw.com

Joshua P. Keefe (*pro hac vice forthcoming*)
WAGNER, LUDOWIG & WRIGHT LLP
2100 West Loop South, Suite 700
Houston, Texas 77027
Telephone: (503) 206-3870
Email: jkeefe@wlwlaw.com

John F. Carroll
TX Bar No. 03888100
Southern District of Texas Bar No. 12265
CALDWELL, CLARK, FANUCCHI & FINLAYSON PLLC
700 North St. Mary's Street, Suite 1825
San Antonio, Texas 78205
Telephone: (210) 225-1655
Email: jcarroll@ccfflegal.com

Joe "Trey" Mims
TX Bar No. 24073663
CALDWELL, CLARK, FANUCCHI & FINLAYSON PLLC
700 North St. Mary's Street, Suite 1825
San Antonio, Texas 78205
Direct Dial: 210-228-3611
Fax: 210-225-8999
Email: jmims@ccfflegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of October 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notice of the filing to counsel registered to receive electronic service in this action.

/s/ Aaron Wagner
Aaron Wagner